UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVE STAEHR, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al.,<br><br>Defendants. | Civil Action No. 3:04-CV-1740-CFD<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>STIPULATION OF SETTLEMENT |

This Stipulation of Settlement dated as of August 17, 2009 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section III hereof) to the above-entitled Litigation: (i) the Lead Plaintiffs (on behalf of themselves and each of the Settlement Class Members), by and through their counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

The following actions were filed in the United States District Court for the District of Connecticut as securities class actions on behalf of purchasers of The Hartford Financial Services Group, Inc. common stock during a defined period of time.

| CASE TITLE | CIVIL ACTION NO. | DATE FILED |
|---|---|---|
| *Staehr v. The Hartford Financial Services Group, Inc., et al.* | 3:04cv1740 | October 15, 2004 |
| *Montoya v. The Hartford Financial Services Group, Inc., et al.* | 3:04cv1764 | October 20, 2004 |

The above actions were consolidated by the Court on December 30, 2004. The above consolidated actions are referred to herein as the "Litigation." In addition, two related derivative cases were filed: *Stampfel v. Ayer, et al.*, No. 3:04cv1836; and *Wexler v. Ayer, et al.*, No. 3:04cv1846. The derivative cases remain pending and are not included in the Settlement.

On February 10, 2005, the Court appointed the Communications Workers of America Plan for Employees' Pensions and Death Benefits and the Alaska Laborers Employers Retirement Fund as lead plaintiffs pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995, and the Court approved their selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.

The operative complaint in the Litigation is the Consolidated Complaint for Violations of the Federal Securities Laws, filed April 12, 2005. The Complaint alleges violations of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder on behalf of a class of all persons who purchased the common stock of The Hartford Financial Services Group, Inc. between August 6, 2003 and October 13, 2004.

## II.    ASSERTIONS AND DENIALS OF THE SETTLING PARTIES AND THE BENEFITS OF THE SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Lead Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiffs are also mindful of the problems of proof of, and possible defenses to, the securities law violations asserted in the Litigation. Lead Plaintiffs believe that the Settlement set forth in the Stipulation confers substantial benefits upon Settlement Class Members, is in the best interests of Settlement Class Members, and is fair, reasonable and adequate.

Defendants, individually and collectively, have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing, fault or liability of any kind against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants further deny that either the Lead Plaintiffs or any Settlement Class Members have suffered damages, that the prices of The Hartford Financial Services Group, Inc. common stock were artificially inflated during the Settlement Class Period as the result of any

alleged misrepresentations, omissions, non-disclosures or otherwise by Defendants, or that the Lead

Plaintiffs or Members of the Settlement Class were harmed by the conduct alleged in the Complaint.

Nonetheless, Defendants enter into this Settlement in order to avoid further expense, risk,

uncertainty and burden, and have concluded that it is desirable that the Litigation be fully and finally

settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also

considered the uncertainty and risks inherent in any litigation, especially in complex cases like the

Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them to settle

the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

**III.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

Lead Plaintiffs, acting on behalf of themselves and all Settlement Class Members, and Defendants,

by and through their respective counsel or attorneys of record, that, subject to the approval of the

Court, the Litigation and the Released Claims shall be finally, fully and forever compromised, settled

and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and

subject to the terms and conditions of the Stipulation, as follows.

**1.    Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Settlement Class Member whose claim for

recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claimant" means any Settlement Class Member who files a Proof of Claim and

Release in such form and manner, and within such time, as the Court shall prescribe.

1.3    "Claims Administrator" means Gilardi & Co. LLC.

1.4    "Complaint" means the Consolidated Complaint for Violations of the Federal

Securities Laws, filed in the Litigation on April 12, 2005.

1.5    "Court" means the United States District Court for the District of Connecticut.

1.6    "Defendants" means The Hartford Financial Services Group, Inc. and the Individual Defendants.

1.7    "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.8    "Escrow Account" means the interest-bearing account controlled by Lead Counsel into which the agreed upon sum set forth in ¶2.1 shall be deposited.

1.9    "Escrow Agent" means the law firm of Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.10   For purposes of this Stipulation, a judgment becomes "Final" when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirtieth (30th) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirtieth (30th) day; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that the Judgment approving the Stipulation is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary withdrawal of the motion or dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in

- 4 -

connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation of the Settlement Fund.

1.11    "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied in this Stipulation is fair, reasonable and adequate to the Settlement Class, and whether the Court should enter a judgment approving the proposed Settlement.

1.12    "Individual Defendants" means Ramani Ayer, Thomas M. Marra, David M. Johnson and David K. Zwiener.

1.13    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.14    "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP.

1.15    "Lead Plaintiffs" means Communications Workers of America Plan for Employees' Pensions and Death Benefits and Alaska Laborers Employers Retirement Fund.

1.16    "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Parties shall have no responsibility therefore or liability with respect thereto.

1.18    "Related Derivative Actions" means *Stampfel v. Ayer, et al.*, No. 3:04cv1836 and *Wexler v. Ayer, et al.*, No. 3:04cv1846, pending in the Court.

1.19    "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly).

1.20    "Released Claims" shall collectively mean all claims (including Unknown Claims as defined in ¶1.31 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, and which have been asserted or heretofore might have been asserted by the Lead Plaintiffs or any Settlement Class Member against the Released Persons arising out of the purchase or the purchase and sale of The Hartford common stock during the Settlement Class Period, based on or related to any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act that were or could have been alleged in the Litigation. Released Claims specifically exclude any and all derivative claims asserted in the Related Derivative Actions.

- 6 -

1.21    "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

1.22    "Settlement" means the settlement contemplated by this Stipulation.

1.23    "Settlement Class," "Settlement Class Members," and "Members of the Settlement Class" mean all Persons who purchased the common stock of The Hartford Financial Services Group, Inc. on or between August 6, 2003 and October 13, 2004. Excluded from the Settlement Class are Defendants, any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary of or is controlled by any Defendant, Defendants' officers and directors, including any Person who was an officer or director during the Settlement Class Period, Individual Defendants' affiliates, legal representatives, heirs, predecessors, successors or assigns, and members of the Defendants' immediate families. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

1.24    "Settlement Class Period" means the period between and including August 6, 2003 and October 13, 2004.

1.25    "Settlement Fund" means the sum of Three Million Eight Hundred Fifty Thousand Dollars ($3,850,000) deposited into the Escrow Account pursuant to ¶2.1 hereof, plus any accrued interest thereon.

1.26    "Settling Parties" means, collectively, Defendants and the Lead Plaintiffs, on behalf of themselves and the Settlement Class Members.

1.27    "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto.

1.28    "Taxes" means all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund.

1.29    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.9.

1.30    "The Hartford" means The Hartford Financial Services Group, Inc.

1.31    "Unknown Claims" means collectively any Released Claims that any Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or any foreign law or jurisdiction, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be

- 8 -

deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2.    The Settlement

### a.    The Settlement Fund

2.1    In consideration of the terms of this Stipulation, Defendants shall pay or cause to be paid the sum of Three Million Eight Hundred Fifty Thousand Dollars ($3,850,000) into the Escrow Account no later than ten (10) business days after the Court's preliminary approval of the Settlement. If the agreed upon sum is not timely transferred to the Escrow Agent, interest shall accrue at the rate of 5% per annum on any unpaid amount from the date due up to and including the date of deposit into the Escrow Account.

2.2    All fees, costs and expenses incurred by, or on behalf of, the Lead Plaintiffs and the Settlement Class associated with this Settlement, including, but not limited to, Taxes, Tax Expenses, any administrative costs and costs of providing notice of the Settlement to Settlement Class Members, and any award of attorneys' fees and expenses of Lead Counsel shall be paid from the Settlement Fund, and in no event shall Defendants bear any additional responsibility for any such fees, costs or expenses.

2.3    The payment described in ¶2.1 is the only payment to be made by, or on behalf of, Defendants in connection with this Settlement.

**b.    The Escrow Agent**

2.4    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Fund shall bear all risks related to its investment.

2.5    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of Lead Counsel and Defendants' counsel.

2.6    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.7    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.8    The Escrow Agent may pay from the Settlement Fund, without further approval from Defendants or the Court, the costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any.

**c.    Taxes**

2.9    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In

addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) Tax Expenses shall be paid out of the Settlement Fund; in no event shall Defendants have any responsibility for, or liability with respect to, the Taxes or the Tax Expenses. From the Settlement Fund, the Escrow Agent shall indemnify and hold each of the Defendants harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the

Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)). The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

### d.    Termination of the Settlement

2.10    In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund, including accrued interest, less the expenses and Taxes described in ¶¶2.8 and 2.9 hereof actually incurred or due and owing, shall be refunded pursuant to written instructions from Defendants' counsel.

### 3.    Certification of the Settlement Class

3.1    Solely for purposes of this Settlement, and subject to approval by the Court, the Settling Parties agree that the Settlement Class shall be certified, and the Lead Plaintiffs shall be appointed as the representatives of the Settlement Class, pursuant to Federal Rule of Civil Procedure 23, as set forth in the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"). Should the Settlement Class not be certified, or should any court attempt to amend the scope of the Settlement Class, each of the Settling Parties reserves the right to void this Stipulation in accordance with ¶8.4 hereof.

### 4.    Preliminary Approval Order and Final Approval Hearing

4.1    Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary

approval of the Settlement set forth in the Stipulation, and approval for mailing a settlement notice ("Notice"), substantially in the form of Exhibit A-1 attached hereto and publication of a summary notice ("Summary Notice"), substantially in the form of Exhibit A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Final Approval Hearing.

4.2     Lead Counsel shall request that after notice is given, the Court hold a Final Approval Hearing and approve the Settlement of the Litigation as set forth herein. Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**5.     Releases**

5.1     Upon the Effective Date, as defined in ¶1.7 hereof, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form.

5.2     The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.3     Upon the Effective Date, as defined in ¶1.7 hereof, the Lead Plaintiffs and all Settlement Class Members, whether or not they have executed a Proof of Claim and Release form, shall be forever barred and enjoined from commencing, instituting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Persons, and each of them, any of the Released Claims.

5.4     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged the Lead Plaintiffs, Settlement Class Members and Lead Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

**6.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

6.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members. The Claims Administrator will be subject to such supervision and direction from the Court and/or Lead Counsel as may be necessary or as circumstances may require.

6.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the settlement proceeds to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.9 hereof;

(c)     to pay Lead Plaintiffs' attorneys' fees and expenses if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may

be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, as provided for herein.

6.4    Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

6.5    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims so long as distribution of the Net Settlement Fund is not materially delayed thereby.

6.6    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.    Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate, non-profit organization.

6.7    This Settlement is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be

- 15 -

returned to the Defendants. Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.8     No Person shall have any claim against Lead Counsel, the Claims Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

## 7.     Lead Plaintiffs' Attorneys' Fees and Expenses

7.1     Counsel for the Lead Plaintiffs may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for an award of attorneys' fees plus expenses, including Lead Plaintiffs' expenses, plus interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

7.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Lead Counsel may thereafter allocate the attorneys' fees and expenses among counsel for the Lead Plaintiffs in a manner in which they in good faith believe reflects the contributions of such counsel to the institution, prosecution and resolution of the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then counsel for the Lead Plaintiffs shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification.

7.3    The procedure for and the allowance or disallowance by the Court of any applications by counsel for the Lead Plaintiffs for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation (including the releases contained herein).

7.4    Defendants shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to any counsel for the Lead Plaintiffs, including, but not limited to, any payment of such attorneys' fees and expenses, over and above payment from the Settlement Fund.

**8.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1     The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Fund has been deposited by or on behalf of Defendants into the Escrow Account maintained by the Escrow Agent, as required by ¶2.1 hereof;

(b)     the Court has entered the Preliminary Approval Order, as required by ¶4.1 hereof;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)     the Judgment has become Final, as defined in ¶1.10 hereof; and

(e)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.7 hereof.

8.2     Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4, hereof, unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

8.3     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, then within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses and costs reasonably and actually incurred pursuant to ¶¶2.8 and 2.9 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from counsel for Defendants. At the request of Defendants' counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay

the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from Defendants' counsel.

8.4    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of the date of the filing of this Stipulation with the Court. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.8-2.10, 7.2 and 8.3-8.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.5    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed for notice costs, Taxes or Tax Expenses pursuant to ¶¶2.8-2.9 hereof. In addition, any such expenses, Taxes or Tax Expenses already incurred and properly chargeable pursuant to ¶¶2.8-2.9 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.10 and 8.3 hereof.

8.6    If a case is commenced in respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a

preference, voidable transfer, fraudulent transfer or similar transaction, then, at Lead Plaintiffs' option, as to such Defendant, the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

8.7    Defendants shall have the option to terminate the Settlement in the event that Persons who purchased more than a certain number of shares of The Hartford common stock during the Settlement Class Period choose to exclude themselves from the Settlement Class ("Opt-Out Threshold"), as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' counsel. The Opt-Out Threshold may be disclosed to the Court if required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.

## 9.    Miscellaneous Provisions

9.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties will propose a finding in the Final Judgment that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. While retaining their right to deny liability, Defendants will not assert or argue that based upon the publicly available information at the time, the Litigation was not

- 20 -

filed in good faith or was frivolous. Defendants agree that the Litigation is being settled voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Released Persons in any civil, criminal, regulatory or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial. Defendants may utilize and/or file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

9.5     The Settling Parties agree that Rule 408 of the Federal Rules of Evidence applies to this Stipulation.

9.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     The Stipulation and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

9.10    Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

9.11    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.12    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

9.13    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.15    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.16    The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Connecticut, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Connecticut without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of August 17, 2009.

> SCOTT + SCOTT LLP
> DAVID R. SCOTT (CT16080)
> ERIN GREEN COMITE (CT24886)
> 108 Norwich Avenue
> Colchester, CT 06415
> Telephone: 860/537-3818
> 860/537-4432 (fax)
>
> Liaison Counsel
>
> COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> JOY ANN BULL
> TOR GRONBORG (phv0044)
> DEBRA J. WYMAN
>
> _____
> JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

WIGGIN AND DANA LLP
TIMOTHY A. DIEMAND (CT18075)
One City Place
185 Asylum Street
Hartford, CT 06103-3402
Telephone: 860/297-3700
860/525-9380 (fax)

MORRISON & FOERSTER, LLP
JACK C. AUSPITZ
JAMIE A. LEVITT

_____
          JACK C. AUSPITZ

1290 Avenue of the Americas
New York, NY 10104-0050
Telephone: 212/468-8000
212/468-7900 (fax)

Counsel for Defendants

S:\Settlement\Hartford Financial.set\(v2) STIP 00059659.doc

- 24 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 28, 2009.

s/ JOY ANN BULL
JOY ANN BULL

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:joyb@csgrr.com

# Mailing Information for a Case 3:04-cv-01740-CFD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Elias A. Alexiades**
  elia@alexiades.com

- **Jack C. Auspitz**
  jauspitz@mofo.com

- **Joy Ann Bull**
  joyb@csgrr.com

- **Erin Green Comite**
  ecomite@scott-scott.com,cmcgowan@scott-scott.com,jderrico@scott-scott.com

- **Timothy Andrew Diemand**
  tdiemand@wiggin.com

- **Tor Gronborg**
  torg@csgrr.com,e_file_sd@csgrr.com

- **Patrick A. Klingman**
  pklingman@sfmslaw.com

- **Jamie A. Levitt**
  jlevitt@mofo.com

- **James E. Miller**
  jmiller@sfmslaw.com

- **Kyle W. K. Mooney**
  KMooney@mofo.com

- **Shane Rowley**
  srowley@faruqilaw.com

- **David Randell Scott**
  drscott@scott-scott.com,cmcgowan@scott-scott.com,efile@scott-scott.com

- **Debra Wyman**
  debraw@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`