UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVE STAEHR, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No. 3:04-CV-1740-CFD **(Consolidated)** |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

WHEREAS, class actions are pending before the Court entitled *Staehr v. The Hartford Financial Services Group, Inc., et al.*, No. 3:04cv1740 and *Montoya v. The Hartford Financial Services Group, Inc., et al.*, 3:04cv1764 (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of August 17, 2009 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.      A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2009, at _____ _.m., at the Abraham Ribicoff Federal Building and United States Courthouse, 450 Main Street, Hartford, Connecticut, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be

- 1 -

awarded to Lead Counsel.  The Court may adjourn the Final Approval Hearing without further notice to Members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased The Hartford Financial Services Group, Inc. ("The Hartford") common stock on or between August 6, 2003 and October 13, 2004.  Excluded from the Settlement Class are Defendants, any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary of or is controlled by any Defendant, Defendants' officers and directors, including any Person who was an officer or director during the Settlement Class Period, Defendants' affiliates, legal representatives, heirs, predecessors, successors or assigns, and members of the Individual Defendants' immediate families.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4.      With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this Settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Members of the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the

prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶6-7 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than _____, 2009 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b) Not later than _____, 2009, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*;

(c) Not later than _____, 2009, Lead Counsel shall cause the Stipulation and its Exhibits to be posted on the following website: www.gilardi.com; and

(d)    On or before _____, 2009, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.    Nominees who purchased The Hartford common stock between August 6, 2003 and October 13, 2004, shall send the Notice and the Proof of Claim to all beneficial owners of such common stock of The Hartford within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.    All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

9.    Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than _____, 2009.  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by the Stipulation.

10.    Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice.  All Persons who submit valid

and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.  Any person who does not submit a request for exclusion in the manner set forth in the Notice shall be deemed to have waived his, her, or its right to be excluded from the Settlement and shall be forever barred from requesting exclusion from the Settlement.

11.     Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

12.     Any Settlement Class Member may appear and show cause at the Final Approval Hearing, if he, she or it has any reason, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Connecticut, on or before _____, 2009, and delivered copies of any such papers to Coughlin Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 655 West Broadway, Suite 1900, San Diego, CA 92101, and to Morrison & Foerster, LLP, Jack C. Auspitz, 1290 Avenue of the Americas, New York, NY 10104-0050, such that they are received on or before the same date.  Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such

objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.     All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses shall be filed and served on or before _____, 2009.  Any reply papers shall be filed and served on or before _____, 2009.

15.     Neither the Defendants nor their Related Parties shall have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

16.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses shall be approved.

17.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, as provided for in the Stipulation.

18.     All discovery and pretrial proceedings in this Litigation are stayed and suspended until further order of this Court.  Pending the final determination of the fairness, reasonableness and adequacy of the Settlement, no Member of the Settlement Class, either directly, representatively, or

in any other capacity, shall institute, commence or prosecute against any of the Released Persons any of the Released Claims in any action or proceeding in any court or tribunal.

19.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that any Lead Plaintiff or any Settlement Class Member has suffered any damages, harm or loss, except that the Defendants or Released Persons may file the Stipulation and/or the Final Judgment of this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Prosecution by any Settlement Class Member of any Released Claim against any of the Released Persons is hereby enjoined pending the Final Approval Hearing.  All agreements made during the course of the Litigation relating to confidentiality of information shall survive the Stipulation and Settlement.

20.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may

approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED: _____, 2009

THE HONORABLE CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

Document1

**EXHIBIT A-1**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVE STAEHR, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No. 3:04-CV-1740-CFD **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al., | ) ) ) | EXHIBIT A-1 |
| Defendants. | ) ) ) | |

*IF YOU PURCHASED THE COMMON STOCK OF THE HARTFORD FINANCIAL SERVICES GROUP, INC. ("THE HARTFORD") BETWEEN AUGUST 6, 2003 AND OCTOBER 13, 2004, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Securities and Time Period:**  The Hartford common stock (CUSIP No. 416515104), call options and put options purchased between August 6, 2003 and October 13, 2004 (the "Settlement Class Period").

**Settlement Fund:** $3,850,000 in cash.  Your recovery will depend on the number of shares of The Hartford common stock you purchased between August 6, 2003 and October 13, 2004, and the timing of your purchases and any sales.  If claims are submitted for 100% of the eligible shares of The Hartford common stock, the estimated average recovery per share of common stock will be approximately $0.04 before deduction of Court-approved fees and expenses.  Available information concerning the trading of options does not permit a useful estimate concerning the recovery for options.

**Settlement Class:** The Court has certified, for purposes of this settlement, a Settlement Class of all purchasers of The Hartford common stock between August 6, 2003 and October 13, 2004. Excluded from the Settlement Class are Defendants, any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary of or is controlled by any Defendant, Defendants' officers and directors, including any Person who was an officer or director during the Settlement Class Period, Defendants' affiliates, legal representatives, heirs, predecessors, successors or assigns, and members of the Individual Defendants' immediate families.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

**Reasons for Settlement:** To avoid the costs and risks associated with continued litigation, including the danger of no recovery, and to provide a benefit to the Settlement Class now.

**If the Case Had Not Settled:**  The settlement must be compared to the risk of no recovery after contested motions, trial and likely appeals.  A trial is a risky proposition and the Lead Plaintiffs might not have prevailed.  The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony.  Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the facts alleged by the Lead Plaintiffs were material, false, misleading or otherwise actionable under the securities laws; (3) whether and the extent to which the facts alleged by the Lead Plaintiffs influenced the trading prices of The Hartford common stock during the relevant period; (4) the method for determining whether The Hartford common stock was artificially inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

**Attorneys' Fees and Expenses:**  Lead Counsel have not received any payment for their work investigating the facts, conducting this litigation, and negotiating the settlement on behalf of the Lead Plaintiffs and the Settlement Class.  Lead Counsel will ask the Court for attorneys' fees of $1,285,000, plus expenses not to exceed $150,000 to be paid from the Settlement Fund.  If the above amounts are approved by the Court, the average cost per share of common stock will be approximately $0.014, making the estimated recovery per share of common stock after fees and expenses $0.026.

**Deadlines:**

Submit Claim:          _____, 2009

Request Exclusion:     _____, 2009

File Objection:        _____, 2009

**Court Hearing on Fairness of Settlement:** _____, 2009

**For More Information:**  www.gilardi.com

Claims Administrator:                          Lead Counsel:

*The Hartford Securities Litigation*           Rick Nelson
Claims Administrator                           Shareholder Relations
c/o Gilardi & Co. LLC                          Coughlin Stoia Geller
P.O. Box 8040                                    Rudman & Robbins LLP
San Rafael, CA 94912-8040                      655 West Broadway, Suite 1900
                                               San Diego, CA  92101

- Your legal rights are affected whether you act or do not act.  Read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**SUBMIT A CLAIM FORM**          The only way to receive a payment.

**OBJECT**                       You may write to the Court if you do not like this

                                 settlement.

**GO TO A HEARING**              You may ask to speak in Court about the fairness of the

                                 settlement.

**DO NOTHING**                   Receive no payment.

**EXCLUDE YOURSELF**             Receive no payment.  This is the only option that allows

                                 you to participate in another lawsuit against the

                                 Defendants relating to the claims being released in this

                                 case.

- These rights and options — *and the deadlines to exercise them* — are explained in this
  Notice.

- The Court in charge of this case must decide whether to approve the settlement.
  Payments will be made if the Court approves the settlement and, if there are any appeals,
  after appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.    Why Did I Receive This Notice Package?**

You or someone in your family may have purchased The Hartford common stock between August 6, 2003 and October 13, 2004.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Connecticut, and the case is known as *Staehr v. The Hartford Financial Services Group, Inc.*, Civil Action No. 3:04-CV-1740-CFD.  The entities that sued are the Lead Plaintiffs, and the company and the individuals they sued, The Hartford, Ramani Ayer, Thomas M. Marra, David M. Johnson and David K Zwiener, are called the Defendants.

**2.    What Is This Lawsuit About?**

This case was brought as a class action alleging that Defendants misled investors about The Hartford's business performance between August 6, 2003 and October 13, 2004.  Lead Plaintiffs asserted that during the Settlement Class Period, Defendants failed to disclose that The Hartford participated in contingent commission kickback arrangements with brokers, through which The Hartford would pay brokers in exchange for brokers steering business to The Hartford.  Lead Plaintiffs allege that these omissions resulted in the artificial inflation of the price of The Hartford common stock between August 6, 2003 and October 13, 2004.  Defendants have denied and continue

to deny that they did anything wrong and maintain that they spoke truthfully to the market at all times.

### 3.      Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiffs, Communications Workers of America Plan for Employees' Pensions and Death Benefits and Alaska Laborers Employers Retirement Fund) sue on behalf of people who have similar claims. Here, all these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who timely and validly exclude themselves from the Settlement Class. Judge Christopher F. Droney is in charge of this class action.

### 4.      Why Is There a Settlement?

The Court did not decide in favor of the Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost and uncertainty of a trial, and eligible Settlement Class Members who submit valid claims will receive compensation. The Lead Plaintiffs and their attorneys think the settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this settlement, you first have to determine if you are a Settlement Class Member.

### 5.      How Do I Know if I Am Part of the Settlement?

The "Settlement Class" includes *all purchasers of The Hartford common stock between August 6, 2003 and October 13, 2004*.

### 6.      What Are the Exceptions to Being Included?

You are not a Settlement Class Member if you are a Defendant, an officer or director of The Hartford, including any Person who was an officer or director during the Settlement Class Period, a members of the Individual Defendants' immediate families, an affiliate, legal representative, heir,

predecessor, successor or assign, or an entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary of or is controlled by any Defendant.  You are also not a Settlement Class Member if you timely and validly request exclusion from the Settlement Class pursuant to this Notice.

If you sold The Hartford common stock between August 6, 2003 and October 13, 2004, that alone does not make you a Settlement Class Member.  You are a Settlement Class Member only if you purchased The Hartford common stock between August 6, 2003 and October 13, 2004.

**7.     I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you may ask for free help.  You can call Rick Nelson of Coughlin Stoia Geller Rudman & Robbins LLP at 619/231-1058 for more information.  Or you may fill out and return the claim form described in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

**8.     What Does the Settlement Provide?**

Defendants have agreed to pay $3,850,000 in cash.  The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund") will be divided among all eligible Settlement Class Members who send in valid claim forms.

**9.     How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in and the number of shares of The Hartford common stock you purchased during the relevant period and when you bought and sold them.

The allocation below is based on the October 14, 2004 price decline of $3.78, as well as the statutory PSLRA 90-day look-back amount of $63.59.  A claim will be calculated as follows:

<u>COMMON STOCK</u>

(a)     For shares of The Hartford common stock **_purchased on or between August 6, 2003 through October 13, 2004_**, the claim per share shall be as follows:

(i)     If sold on or before October 13, 2004, the claim per share is $0.

(ii)     If held at the close of trading on October 13, 2004, and sold on or before January 11, 2005, the claim per share shall be the lesser of (a) $3.78 (October 14, 2004 price decline); or (b) the difference between the purchase price per share and the sales price per share; or (c) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

(iii)     If retained, or sold, on or after January 12, 2005, the claim per share shall be the lesser of: (a) $3.78 (October 14, 2004 Price Decline), or (b) the difference between the purchase price per share and $63.59 per share.

| Date | Closing Price | Average Closing Price |
|------|---------------|-----------------------|
| 10/14/2004 | $58.40 | $58.40 |
| 10/15/2004 | $56.30 | $57.35 |
| 10/18/2004 | $54.35 | $56.35 |
| 10/19/2004 | $53.29 | $55.59 |
| 10/20/2004 | $54.61 | $55.39 |
| 10/21/2004 | $54.27 | $55.20 |
| 10/22/2004 | $55.03 | $55.18 |
| 10/25/2004 | $55.15 | $55.18 |
| 10/26/2004 | $58.74 | $55.57 |
| 10/27/2004 | $59.06 | $55.92 |
| 10/28/2004 | $58.74 | $56.18 |
| 10/29/2004 | $58.48 | $56.37 |
| 11/1/2004 | $59.14 | $56.58 |
| 11/2/2004 | $59.12 | $56.76 |
| 11/3/2004 | $59.60 | $56.95 |
| 11/4/2004 | $60.41 | $57.17 |
| 11/5/2004 | $61.74 | $57.44 |
| 11/8/2004 | $62.41 | $57.71 |
| 11/9/2004 | $63.02 | $57.99 |
| 11/10/2004 | $63.44 | $58.27 |
| 11/11/2004 | $64.27 | $58.55 |
| 11/12/2004 | $62.00 | $58.71 |
| 11/15/2004 | $63.07 | $58.90 |

| | | |
|---|---|---|
| 11/16/2004 | $62.80 | $59.06 |
| 11/17/2004 | $62.95 | $59.22 |
| 11/18/2004 | $63.20 | $59.37 |
| 11/19/2004 | $63.65 | $59.53 |
| 11/22/2004 | $64.20 | $59.69 |
| 11/23/2004 | $63.50 | $59.83 |
| 11/24/2004 | $64.12 | $59.97 |
| 11/26/2004 | $64.70 | $60.12 |
| 11/29/2004 | $64.51 | $60.26 |
| 11/30/2004 | $64.00 | $60.37 |
| 12/1/2004 | $65.85 | $60.53 |
| 12/2/2004 | $65.70 | $60.68 |
| 12/3/2004 | $65.55 | $60.82 |
| 12/6/2004 | $65.58 | $60.94 |
| 12/7/2004 | $65.12 | $61.05 |
| 12/8/2004 | $65.25 | $61.16 |
| 12/9/2004 | $65.96 | $61.28 |
| 12/10/2004 | $65.71 | $61.39 |
| 12/13/2004 | $66.21 | $61.50 |
| 12/14/2004 | $66.95 | $61.63 |
| 12/15/2004 | $66.80 | $61.75 |
| 12/16/2004 | $67.19 | $61.87 |
| 12/17/2004 | $67.20 | $61.99 |
| 12/20/2004 | $67.10 | $62.09 |
| 12/21/2004 | $68.26 | $62.22 |
| 12/22/2004 | $68.35 | $62.35 |
| 12/23/2004 | $68.64 | $62.47 |
| 12/27/2004 | $67.95 | $62.58 |
| 12/28/2004 | $68.75 | $62.70 |
| 12/29/2004 | $69.03 | $62.82 |
| 12/30/2004 | $69.00 | $62.93 |
| 12/31/2004 | $69.31 | $63.05 |
| 1/3/2005 | $68.80 | $63.15 |
| 1/4/2005 | $68.04 | $63.24 |
| 1/5/2005 | $67.75 | $63.32 |
| 1/6/2005 | $68.02 | $63.40 |
| 1/7/2005 | $67.50 | $63.46 |
| 1/10/2005 | $67.74 | $63.53 |
| 1/11/2005 | $66.85 | $63.59 |

## CALL OPTIONS

(a)      For call options on The Hartford common stock *purchased on August 6, 2003*

*through October 13, 2004*, and

(i)      held at the close of trading on October 13, 2004, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

(ii)      not held at the close of trading on October 13, 2004, the claim per call option is $0.

(b)      For call options on The Hartford common stock *written on August 6, 2003 through October 13, 2004*, the claim per call option is $0.

<u>PUT OPTIONS</u>

(a)      For put options on The Hartford common stock *written on August 6, 2003 through October 13, 2004*, and

(i)      held at the  close of trading on October 13, 2004, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

(ii)      not held at the close of trading on October 13, 2004, the claim per put option is $0.

(b)      For put options on The Hartford common stock *purchased on August 6, 2003 through October 13, 2004*, the claim per put option is $0.

*Note*:  In the case where an option was exercised for The Hartford common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using The Hartford common stock's closing price on the date the option was exercised.

*Note*:  The combined recovery for all Put/Call options shall not exceed 3% of the Net Settlement Fund.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who held The Hartford common stock at the beginning of the Settlement Class Period or made multiple purchases or sales during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim.  Under the FIFO method, sales of common stock during the Settlement Class Period will be matched, in chronological order, first against common stock held at the beginning of the Settlement Class Period.  The remaining sales of common stock during the Settlement Class Period will then be matched, in chronological order, against common stock purchased during the Settlement Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net market loss.  In addition, all gains and losses (as calculated under the above plan) will be combined and thereafter netted against each other.  In addition, no distributions will be made to Authorized Claimants who would receive a net distribution of less than $5.00.

## HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM

### 10.    How Will I Obtain a Payment?

To qualify for payment, you must be an eligible Settlement Class Member, send in a valid claim form, and properly document your claim as requested in the claim form.  A claim form is included with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2009.

### 11.    When Will I Receive My Payment?

The Court will hold a hearing on _____, 2009, to decide whether to approve the settlement.  If Judge Droney approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps several

years.  Everyone who sends in a claim form will be informed of the determination with respect to their claim.  Please be patient.

### 12.     What Am I Giving Up to Receive a Payment or Stay in the Settlement Class?

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Persons about the Released Claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you and that you will release your claims in this case against the Defendants.  The terms of the release are included in the claim form that is included with this Notice.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement but you want to keep the right to sue or continue to sue the Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

### 13.     How Do I Get Out of the Settlement Class?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *Staehr v. The Hartford Financial Services Group, Inc., et al.*, Civil Action No. 3:04-CV-1740-CFD.  You must include your name, address, telephone number, your signature, the number of shares of The Hartford common stock you purchased between August 6, 2003 and October 13, 2004, the number of shares you sold during this time period, if any, and the dates of such purchases and sales.  You must mail your exclusion request postmarked no later than _____, 2009, to:

*The Hartford Securities Litigation*
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

You cannot exclude yourself by phone or e-mail.  If you ask to be excluded, you are not eligible to receive any settlement payment and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

**14.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Released Persons for the Released Claims in this settlement.  If you have a pending lawsuit against any of the Released Persons, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2009.

**15.     If I Exclude Myself, Can I Receive Money from This Settlement?**

No.  If you exclude yourself, do not send in a claim form.  But, you may sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants.

## THE LAWYERS REPRESENTING YOU

**16.     Do I Have a Lawyer in This Case?**

The Court asked the law firm of Coughlin Stoia Geller Rudman & Robbins LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.     How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees of $1,285,000 and for expenses of up to $150,000, which were advanced in connection with the litigation.  Such sums as may be approved by

the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis.  Lead Counsel have committed significant time and expenses in litigating this case for the benefit of the Settlement Class since the case began in 2004.  To date, Lead Counsel have not been paid for their services in conducting this litigation on behalf of the Lead Plaintiffs and the Settlement Class or for their substantial expenses.  The fees requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

<strong>OBJECTING TO THE SETTLEMENT</strong>

You can tell the Court that you do not agree with the settlement or some part of it.

**18.      How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees and expenses.  You can state the reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the settlement in *Staehr v. The Hartford Financial Services Group, Inc., et al.*, Civil Action No. 3:04-CV-1740-CFD.  Be sure to include your name, address, telephone number, your signature, the number of shares of The Hartford common stock purchased and sold between August 6, 2003 and October 13, 2004, and the reasons you object to the settlement.  Any objection to the settlement must be mailed or delivered such that it is received by *each* of the following no later than _____, 2009:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Abraham Ribicoff Federal Building and United States Courthouse
450 Main Street
Hartford, Connecticut 06103

*Lead Counsel:*

Joy Ann Bull
COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

*Defendants' counsel*:

Jack C. Auspitz
MORRISON &FOERSTER, LLP
1290 Avenue of the Americas
New York, NY 10104-0050

**19.     What Is the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object ***only if*** you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

**20.     When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _:__ _.m., on _____, 2009, at the Abraham Ribicoff Federal Building and United States Courthouse, 450 Main Street, Hartford, Connecticut.  At this hearing the Court will consider whether the settlement is fair, reasonable and adequate.  If there

- 14 -

are objections the Court will consider them.  Judge Droney will listen to people who have asked to speak at the hearing.  The Court will also consider how much to award Lead Counsel (assuming the settlement is approved).  The Court may decide these issues at the hearing or take them under consideration.  We do not know how long these decisions will take.

**21.    Do I Have to Come to the Hearing?**

No.  Lead Counsel will answer any questions Judge Droney may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**22.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your intention to appear in *Staehr v. The Hartford Financial Services Group, Inc., et al.*, Civil Action No. 3:04-CV-1740-CFD.  Be sure to include your name, address, telephone number, your signature, and the number of shares of The Hartford common stock purchased and sold between August 6, 2003 and October 13, 2004.  Your notice of intention to appear must be mailed or delivered so that it is received no later than _____, 2009, by the Clerk of the Court, Lead Counsel, and Defendants' counsel at the addresses listed in Question 18.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

**23.    What Happens if I Do Nothing at All?**

If you do nothing, you will be a Settlement Class Member, but you will not receive any money from this settlement.  In order to get money from this settlement, you must submit a claim form.  If you do nothing, you will also be unable to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Persons about the Released Claims in this case.  To start a

lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Persons about the Released Claims in this case, you must exclude yourself from the Settlement Class.

## GETTING MORE INFORMATION

### 24.    Are There More Details About the Settlement?

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated as of August 17, 2009.  You can obtain a copy of the Stipulation of Settlement by writing to Rick Nelson, Shareholder Relations, c/o Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or from the Clerk's office at the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building and United States Courthouse, 450 Main Street, Hartford, Connecticut during regular business hours, or by going to www.gilardi.com.

### 25.    How Do I Get More Information?

You may call 619/231-1058 or write to Rick Nelson, Shareholder Relations, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the Claims Administrator's website at www.gilardi.com.

*DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

### SPECIAL NOTICE TO NOMINEES

The Court has ordered that if you held any common stock of The Hartford between August 6, 2003 and October 13, 2004, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *The Hartford Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you choose to mail the Notice and claim form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2009      BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
                                 DISTRICT OF CONNECTICUT

Document1

**EXHIBIT A-2**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVE STAEHR, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No. 3:04-CV-1740-CFD **(Consolidated)** |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | PROOF OF CLAIM AND RELEASE |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al., | ) ) ) | EXHIBIT A-2 |
| Defendants. | ) ) ) | |

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Settlement Class based on your claims in the action entitled *Staehr v. The Hartford Financial Services Group, Inc., et al.*, Civil Action No. 3:04-CV-1740-CFD (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2009, ADDRESSED AS FOLLOWS:

> *The Hartford Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a Member of the Settlement Class, you will be bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.      DEFINITIONS

1.      "Defendants" means The Hartford Financial Services Group, Inc. ("The Hartford") and the Individual Defendants.

2.      "Individual Defendants" means Ramani Ayer, Thomas M. Marra, David M. Johnson and David K. Zwiener.

3.      "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

## III.    CLAIMANT IDENTIFICATION

1.      If you purchased The Hartford common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of The Hartford common stock that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE HARTFORD COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.    CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in The Hartford Common Stock" to supply all required details of your transaction(s) in The Hartford common stock.  If you need more space or additional schedules, attach separate sheets providing all of the required

information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.     On the schedules, provide all of the requested information with respect to *all* of your purchases of The Hartford common stock that took place at any time between and including August 6, 2003 and October 13, 2004 (the "Settlement Class Period"), and all of your sales of The Hartford common stock that took place at any time between and including August 6, 2003 and January 11, 2005, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.     List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.     Broker confirmations or other documentation of your transactions in The Hartford common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.     The above requests are designed to provide the minimum amount of information necessary to process the most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the claimant's cost.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

*Staehr v. The Hartford Financial Services Group, Inc., et al.*

Civil Action No. 3:04-CV-1740-CFD

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2009

Please Type or Print

PART I:      CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____    _____

City                     State            Zip Code

_____    _____

Foreign Province           Foreign Country

_____    _____    Individual

Social Security Number or
Taxpayer Identification Number    _____    Corporation/Other

_____    _____ (work)

Area Code               Telephone Number

_____    _____ (home)

Area Code               Telephone Number

_____

Record Owner's Name (if different from beneficial owner listed above)

- 4 -

PART II:      SCHEDULE OF TRANSACTIONS IN THE HARTFORD COMMON STOCK

    A.    Number of shares of The Hartford common stock held at the opening of trading on August 6, 2003: _____.

    B.    Purchases of The Hartford common stock (August 6, 2003 – October 13, 2004, inclusive):

| Trade Date<br>Month  Day  Year | Number of<br>Shares Purchased | Total<br>Purchase Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

    C.    Sales of The Hartford common stock (August 6, 2003 – January 11, 2005, inclusive):

| Trade Date<br>Month  Day  Year | Number of<br>Shares Sold | Total<br>Sales Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

    D.  Number of shares of The Hartford common stock held at the close of trading on October 13, 2004: _____.

    E.  Number of shares of The Hartford common stock held at the close of trading on January 11, 2005: _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.

V.      **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of August 17, 2009 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Connecticut, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases or sales of The Hartford common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

VI.     **RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly).

2.      "Released Claims" shall collectively mean all claims (including Unknown Claims as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, and which have been asserted or heretofore might have been asserted by the Lead Plaintiffs or any Settlement Class Member against the Released Persons arising out of the purchase or the purchase and sale of The Hartford common stock during the Settlement Class Period, based on or related to any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act that were or could have been alleged in the Litigation.  Released Claims specifically exclude any and all derivative claims asserted in the Related Derivative Actions.

3.      "Unknown Claims" means collectively any Released Claims that any Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or any foreign law or

jurisdiction, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

4.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in The Hartford common stock that occurred during the Settlement Class Period as well as the number of shares of The Hartford common stock held by me (us) at the opening of trading on August 6, 2003, and at the close of trading on October 13, 2004, and at the close of trading on January 11, 2005.

SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME:_____

Check appropriate box:

☐   Individual/Sole Proprietor   ☐   Partnership   ☐   Other
☐   Corporation   ☐   Trust
☐   IRA   ☐   Pension Plan

Enter TIN on appropriate line.

o   For individuals, this is your Social Security Number ("SSN").

o   For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

o   For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _   or   _ _ - _ _ _ _ _ _ _
Social Security Number           Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.   The number shown on this form is my correct TIN; and

2.   I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

- 9 -

NOTE:        If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                                      (Month/Year)

in _____,   _____.
            (City)                                         (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.        Please sign the above release and declaration.

2.        Remember to attach supporting documentation, if available.

3.        Do not send original stock certificates.

4.        Keep a copy of your claim form for your records.

5.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.      If you move, please send us your new address.

Document1

**EXHIBIT A-3**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVE STAEHR, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No. 3:04-CV-1740-CFD **(Consolidated)** |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | SUMMARY NOTICE |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al., | ) ) ) | EXHIBIT A-3 |
| Defendants. | ) ) ) | |

TO:    ALL PERSONS WHO PURCHASED THE COMMON STOCK OF THE HARTFORD FINANCIAL SERVICES GROUP, INC. ("THE HARTFORD") BETWEEN AUGUST 6, 2003 AND OCTOBER 13, 2004

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Connecticut, that a hearing will be held on _____, 2009, at _____ _.m., before the Honorable Christopher F. Droney at the Abraham Ribicoff Federal Building and United States Courthouse, 450 Main Street, Hartford, Connecticut, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the sum of $3,850,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated as of August 17, 2009 (the "Stipulation"); (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation should be approved.

If you purchased the common stock of The Hartford between August 6, 2003 and October 13, 2004, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *The Hartford Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 2009, establishing that you are entitled to recovery.

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion postmarked by _____, 2009, in the manner and form explained in the detailed Notice referred to above. All Members of the Settlement Class who have not timely and validly

requested exclusion from the Settlement Class will be bound by any judgment entered in the

Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the settlement must be mailed or delivered such that it is received by each

of the following no later than _____, 2009:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> DISTRICT OF CONNECTICUT
> Abraham Ribicoff Federal Building and United States Courthouse
> 450 Main Street
> Hartford, Connecticut 06103
>
> *Counsel for Lead Plaintiff*:
>
> COUGHLIN STOIA GELLER
>  RUDMAN & ROBBINS LLP
> JOY ANN BULL
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> *Counsel for Defendants:*
>
> MORRISON & FOERSTER, LLP
> JACK C. AUSPITZ
> 1290 Avenue of the Americas
> New York, NY 10104-0050

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

**THIS NOTICE.**  If you have any questions about the settlement, you may contact counsel for the

Lead Plaintiffs at the address listed above or go to the Claims Administrator's website at

www.gilardi.com.


DATED: _____, 2009                    BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
                                            DISTRICT OF CONNECTICUT

Document1