UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVE STAEHR, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No. 3:04-cv-1740-CFD **(Consolidated)** |
| Plaintiff, | ) ) ) | **CLASS ACTION** |
| vs. | ) ) ) | **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

WHEREAS, class actions are pending before the Court entitled *Staehr v. The Hartford Financial Services Group, Inc., et al.*, No. 3:04cv1740 and *Montoya v. The Hartford Financial Services Group, Inc., et al.*, 3:04cv1764 (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of August 17, 2009 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.     A hearing (the "Final Approval Hearing") shall be held before this Court on **DECEMBER 17, 2009**, at **10:00 a.m.**, at the Abraham Ribicoff Federal Building and United States Courthouse, 450 Main Street, Hartford, Connecticut, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be

- 1 -

approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Final Approval Hearing without further notice to Members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased The Hartford Financial Services Group, Inc. ("The Hartford") common stock on or between August 6, 2003 and October 13, 2004. Excluded from the Settlement Class are Defendants, any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary of or is controlled by any Defendant, Defendants' officers and directors, including any Person who was an officer or director during the Settlement Class Period, Defendants' affiliates, legal representatives, heirs, predecessors, successors or assigns, and members of the Individual Defendants' immediate families. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4.      With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this Settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Members of the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class;

(d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (I) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶6-7 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.     Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Not later than **OCTOBER 6, 2009** (the "Notice Date"), Lead Counsel

shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)    Not later than **OCTOBER 8, 2009**, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*;

(c)    Not later than **OCTOBER 8, 2009**, Lead Counsel shall cause the Stipulation and its Exhibits to be posted on the following website: www.gilardi.com; and

(d)    On or before **NOVEMBER 1, 2009**, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.    Nominees who purchased The Hartford common stock between August 6, 2003 and October 13, 2004, shall send the Notice and the Proof of Claim to all beneficial owners of such common stock of The Hartford within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.    All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to

the Settlement Class.

9.    Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than **JANUARY 4, 2010**.  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by the Stipulation.

10.    Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice.  All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation. Any person who does not submit a request for exclusion in the manner set forth in the Notice shall be deemed to have waived his, her, or its right to be excluded from the Settlement and shall be forever barred from requesting exclusion from the Settlement.

11.    Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

12.    Any Settlement Class Member may appear and show cause at the Final Approval Hearing, if he, she or it has any reason, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or

should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Connecticut, on or before **DECEMBER 1, 2009**, and delivered copies of any such papers to Coughlin Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 655 West Broadway, Suite 1900, San Diego, CA 92101, and to Morrison & Foerster, LLP, Jack C. Auspitz, 1290 Avenue of the Americas, New York, NY 10104-0050, such that they are received on or before the same date. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

13.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.    All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses shall be filed and served on or before **NOVEMBER 24, 2009**. Any reply papers shall be filed and served on or before

**DECEMBER 8, 2009**.

15.     Neither the Defendants nor their Related Parties shall have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

16.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses shall be approved.

17.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, as provided for in the Stipulation.

18.     All discovery and pretrial proceedings in this Litigation are stayed and suspended until further order of this Court.  Pending the final determination of the fairness, reasonableness and adequacy of the Settlement, no Member of the Settlement Class, either directly, representatively, or in any other capacity, shall institute, commence or prosecute against any of the Released Persons any of the Released Claims in any action or proceeding in any court or tribunal.

19.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any

liability, fault or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that any Lead Plaintiff or any Settlement Class Member has suffered any damages, harm or loss, except that the Defendants or Released Persons may file the Stipulation and/or the Final Judgment of this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Prosecution by any Settlement Class Member of any Released Claim against any of the Released Persons is hereby enjoined pending the Final Approval Hearing. All agreements made during the course of the Litigation relating to confidentiality of information shall survive the Stipulation and Settlement.

20.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED:  **September 28, 2009**


/s/ Christopher F. Droney
THE HONORABLE CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE